FILED
2021 Sep-13  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIC C. CLOPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| | ) | CV-21 |
| v. | ) | JURY DEMAND |
| | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## I.  JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against sex discrimination and retaliation in employment.

2.     The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

3.     Plaintiff timely filed her EEOC Charge of Discrimination within 180 days of occurrence of the last discriminatory act.  Plaintiff timely filed her claims of sex discrimination and retaliation within 90 days of the receipt of her right-to-sue letter from the Equal Employment Opportunity Commission.

4.     The unlawful employment practices alleged herein below were committed by Defendant within the State of Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

## II.   **PARTIES**

5.     Plaintiff, Demetric C. Clopton, is a female citizen of the United States and a resident of Birmingham (Center Point), Jefferson County, Alabama.  Plaintiff was employed by Defendant at its Bessemer, Jefferson County, Alabama location all times relevant to this lawsuit.

6.     Defendant, Amazon.com Services, LLC, an entity doing business in Alabama and is subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981. Defendant employs at least fifteen (15) persons.

7.     Defendant sells products such as books, music, videos, consume electronics, apparel, sporting goods, tools, hardware, and toys, including through the Internet and brick-and-mortar stores.  Defendant is headquartered in Seattle, and, with all related Amazon entities, employs more than 1,000,000 employees worldwide, which Defendant refers to as Associates.

8.    Amazon has a Fulfillment Center located in Bessemer, Alabama, known as BHM1.

III.  **STATEMENT OF FACTS**

9.    Plaintiff re-alleges and incorporates by reference paragraphs 1-8 with the same force and effect as if fully set out in specific detail hereinbelow.

10.   Plaintiff was discriminated against because of her sex in termination and other terms and conditions of employment along with being retaliated against by Defendant, because of her complaints of discrimination, which is a protected activity.

11.   Plaintiff was hired by Defendant on April 9, 2020 as a Warehouse Team Member and/or Rebin.  Plaintiff held this position throughout her employment until her termination.

12.   At all times during her employment, Plaintiff performed her job duties and responsibilities in a satisfactory manner.

13.   In May of 2020, Plaintiff was placed on medical leave due to pregnancy pulmonary complications with her pregnancy.  Plaintiff provided and filed all the necessary paperwork; however, was terminated.  This termination was allegedly in error and, after Defendant allegedly caught its error regarding Plaintiff's termination, she was reinstated in June 2020.  Plaintiff did have to repeatedly call and email Defendant's DLS system regarding this error.

3

14.     Defendant asked for specific information which included information about Plaintiff's pregnancy after returning from her medical leave due to a medical condition she had no knowledge of upon her hire. Shortly after Plaintiff returned, she was at work on July 23 and fell ill.  Plaintiff went to the emergency room and was later admitted to hospital because of Covid19 related symptoms.

15.     Pursuant to Defendant's policy, when you isolate, you isolate the full 14 days and will receive compensation.

16.     Plaintiff's partner and herself both had to self-isolate for the allotted time. Plaintiff submitted her documentation within the time frame that was required, yet she did not receive a response on when she should return to work, so she called Defendant.   Plaintiff was told on, 7/28/2020, to return to work and that her documentation had not been properly been put in, but she should return to work on August 7th.

17.     When Plaintiff returned to the distribution center on August 7th as instructed, her badge did not work so she went to speak with security, who then went to get someone from Human Resources.  Plaintiff was told by HR to call the DLS, which she did.  DLS told Plaintiff she should be at work.  This process went on for weeks. Afraid she would lose her job, Plaintiff showed up like she was supposed to everyday for two weeks and could not get in.  Plaintiff was five months pregnant at the time and Defendant was aware of this fact; however, she was required to sit in

her car and urinate in a cup because if an employee's badge does not work, Defendant will not let an employee in.

18.     During this entire process, Human Resources was of no assistance and finally took Plaintiff's badge completely and later told her, she had been officially terminated.  Plaintiff asked on what grounds and was told to call the ERC.  Plaintiff called ERC, on 8/17/2020, and spoke to Drew Vae on 8/20/2020.  On 8/21/2020, Plaintiff then spoke with Terri in Las Vegas.  Plaintiff spoke with Clarissa from disability and leave services on 8/24/20 at 8:42 am.  Plaintiff called the ERC and spoke with Shelby and Elsir on 8/31/2020.  Plaintiff's last call was on 9/2/2020.

19.     All the above-mentioned calls were recorded by Defendant and/or one of its agents for quality and training purposes.  Plaintiff was repeatedly told by Defendant's employees/agents that it was an error on Defendant's part that she was again terminated, yet they failed to correct the error and reinstate Plaintiff.

## IV.   CAUSES OF ACTION

### SEX DISCRIMINATION PURSUANT TO TITLE VII

20.     Plaintiff re-alleges and incorporates by reference paragraph 1-19 above with the same force and effect as if fully set out in specific detail hereinbelow.

21.     Plaintiff brings this claim for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991.

22.     Plaintiff is female.

23.     These facts include, but are not limited to, statements made by management and decision makers regarding Plaintiff's termination, the falsity of Defendant's reason(s) for Plaintiff's termination, and evidence of preferential treatment given to male employees.

24.     Defendant's proffered reasons for termination were pretext for sex discrimination.

25.     As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

26.     Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

27.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

28.     Plaintiff re-alleges and incorporates by reference paragraph 1-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

29.     Plaintiff engaged in protected activity by making complaints to human resources and other sources regarding her termination and non-reinstatement.

6

30.     After repeatedly challenging her termination, and despite the fact that she followed company procedures and timely submitted all of her paperwork, Plaintiff was still terminated from her employment.

31.     Defendant's actions, which happened within days and weeks of Plaintiff's complaints, are causally related to Plaintiff's protected activity.

32.     Defendant's reason for terminating Plaintiff was pretext for retaliation as Plaintiff complied with all of Defendant's policies.

33.     As a result of this retaliatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

34.     Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

35.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3.      Enter an order requiring Defendant to make Plaintiff whole by awarding her reinstatement and pay she would have had received in the absence of sex discrimination and retaliation, back-pay (plus interest), front-pay, punitive, compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL
BY JURY ON ALL TRIABLE ISSUES.**

Respectfully submitted,

Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
     FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
gwiggins@wigginschilds.com

**DEFENDANT'S ADDRESS:**
To be served via certified mail

    Amazon.com Services, LLC
    c/o Registered Agent
    Corporation Service Company, Inc.
    641 South Lawrence Street
    Montgomery, Alabama 36104